NORTH SHORE EQUESTRIAN CENTER, INC., Appellant, v LONG ISLAND UNIVERSITY et al., Respondents. [639 NYS2d 243]

"The parties' intention [in a lease] should be determined from the language employed, and where the language is clear and unambiguous, interpretation [of the lease] is a matter of law to be determined solely by the court" (*Matter of Wallace v 600 Partners Co.*, 205 AD2d 202, 205, *affd* 86 NY2d 543; *see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *Chimart Assocs. v Paul*, 66 NY2d 570, 573).

The lease provides that the stable area is bounded "to the north by a tree line and directly behind the stable building itself, by a line 200 feet north of and parallel to the building." The court properly determined that the building from which the line is measured is a stable building existing at the time of the execution of the lease and is not, as the Center contends, a stable barn built in 1988-1989. Thus, because the Center was occupying land outside the northern boundary of the stable area as measured from the stable building existing at the time the lease was executed, the court properly granted that part of defendants' motion for partial summary judgment seeking eviction of the Center from that area. For the same reason, the court properly denied that portion of the Center's cross motion for summary judgment seeking a declaration that it was not encroaching upon that area.

The court properly granted that portion of the Center's cross motion for summary judgment seeking a declaration that the corridor area is part of the property demised in the lease. However, the court erred in failing to make a declaration to that effect. Thus, we modify the order on appeal by granting judgment in favor of the Center declaring that the corridor area is included in the property demised in the lease.

The court properly denied that portion of the Center's cross motion for summary judgment with respect to the other disputed parcels. There is a discrepancy in the lease concerning the boundaries and sizes of those parcels. That discrepancy can be resolved only by extrinsic evidence and must be resolved by the trier of fact (*see, Tantleff v Truscelli*, 110 AD2d 240, 244, *affd* 69 NY2d 769).

We have reviewed the remaining contentions raised by the Center and conclude that they are without merit. (Appeal from

Judgment of Supreme Court, Nassau County, Kutner, J.—Declaratory Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Boehm, JJ.